UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DALE DAVIS,   CASE NO.:

    Plaintiff,

v.

SHRI GAVRISHANKER INC d/b/a
FOUNTAIN INN & SUITES,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DALE DAVIS ("Mr. Davis" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, SHRI GAVRISHANKER INC doing business as FOUNTAIN INN & SUITES ("Fountain Inn" or "Defendant"), a Florida Profit Corporation, and states as follows:

## NATURE OF THE SUIT

1. This action is brought under, *inter alia*, the Fair Labor Standards Act ("FLSA"), and Article X § 24(a) of the Florida Constitution ("FMWA") to recover from Defendant unpaid minimum wages and an additional equal amount as liquidated damages, overtime compensation and an additional equal amount as liquidated damages, contractual damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

2. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES, JURISDICTION, AND VENUE

3. Mr. Davis was an employee who performed services on behalf of Fountain Inn in Volusia County, Florida.

4. Fountain Inn is a Florida Profit Corporation located in Volusia County, Florida, and which, at all times relevant, performed work in Volusia County, Florida.

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. This Court also has supplemental jurisdiction over Plaintiff's FMWA claims, as they arise out of the same operative facts and circumstances as Plaintiff's FLSA claims.

7. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Volusia County, Florida.

## CONDITIONS PRECEDENT

8. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

## FLSA/FMWA COVERAGE

9. At all times material hereto, Plaintiff was a resident of Volusia County, Florida.

10. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of 29 U.S.C. § 203(d) and Fla. Stat. § 448.101.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and the FMWA.

12. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of FLSA and the FMWA.

13. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times relevant hereto, Defendant was primarily engaged in providing food and lodging to patrons.

16. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as linens, beds, food, beverages, and goods for

sale, but which had come to rest at its location in Volusia County, Florida, and transacted business across state lines via interstate phone calls and/or online bookings.

17. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

18. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

19. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## FACTUAL ALLEGATIONS

20. Mr. Davis worked as a non-exempt, salary-paid Housekeeper for Fountain Inn from February 1, 2020, until August 18, 2020.

21. Mr. Davis's activities were at all times controlled and closely supervised by Fountain Inn's managers and owner.

22. Mr. Davis had no authority to hire or fire employees of Fountain Inn.

23. Mr. Davis had no authority to discipline employees of Fountain Inn.

24. Mr. Davis had no authority to determine the schedules to be worked

by any employees of Fountain Inn, or to change the schedules.

25. Mr. Davis had no authority to set rates of pay for other employees or agents of Fountain Inn.

26. Mr. Davis had no input into performance reviews of other employees or agents of Fountain Inn.

27. All of Mr. Davis's major decisions had to be cleared in advance by one of Fountain Inn's supervisors.

28. Mr. Davis was closely monitored by Fountain Inn's managers and supervisors at all times.

29. Mr. Davis followed procedures established by Fountain Inn and did exactly as he was instructed to do at all times.

30. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

31. Defendant paid Plaintiff a flat salary rate of $140.00 per week for 40 hours worked and provided lodging for Plaintiff.

32. Plaintiff regularly worked sixty (60) or more hours per week for Defendant.

33. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant

limitations period.

34. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for overtime hours worked.

35. Additionally, Mr. Davis's weekly compensation of $140.00 per week, in addition to the lodging credit, brought Mr. Davis's actual hourly pay rate well below Florida's 2019 minimum wage of $8.56 per hour and the federal minimum wage of $7.25 hour.

36. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

37. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

38. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked

in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

39. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

40. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

41. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

42. Based on the allegations in Paragraphs 39-41, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

43. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable

fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

44. Plaintiff reincorporates and re-alleges paragraphs 1 through 43, above, as though fully set forth herein, and further alleges as follows:

45. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

46. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

47. Plaintiff was not an exempt employee as defined by the FLSA.

48. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

49. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices

  complained of herein are in violation of the maximum hour provisions of the FLSA;

 b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

 c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

 d. Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

 e. Award Plaintiff pre-judgment interest; and

 f. Order any other and further relief that this Court deems just and proper.

## COUNT II
## VIOLATION OF 29 U.S.C. § 206 – MINIMUM WAGE UNDER FLSA

50. Plaintiff reincorporates and re-alleges Paragraphs 1 through 44, above, as though set forth fully herein, and further alleges as follows:

51. Plaintiff was entitled to be paid the applicable federal minimum wage for each hour Plaintiff worked for Defendant.

52. Defendant failed to pay Plaintiff the federal minimum wage for each week Plaintiff worked for Defendant.

53. As a result of Defendant's actions in this regard, Plaintiff has not been

paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendant.

54. Defendant willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work, contrary to 29 U.S.C. § 206.

55. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages during his employment with Defendant.

56. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

57. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

58. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

59. Plaintiff is entitled to liquidated damages under the FLSA.

60. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to the FLSA that the acts and practices

complained of herein are in violation of the minimum wage provisions of the FLSA;

    b. Awarding Plaintiff minimum wage compensation in the amount due to him for all hours worked;

    c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FLORIDA CONSTITUTION, ARTICLE X, § 24
### (Minimum Wage)

61. Plaintiff reincorporates and re-alleges Paragraphs 1 through 43, above, as though set forth fully herein, and further alleges as follows:

62. Plaintiff worked in the State of Florida without being paid at least the full then-applicable minimum wage of $8.46 per hour for all hours worked.

63. Defendant controlled and/or was responsible for the work of Plaintiff.

64. Plaintiff was given many responsibilities, which were an integral part of the restaurant business of Defendant.

65. Defendant only paid Plaintiff a fixed rate, but not for all hours worked.

66. Plaintiff was paid nothing for hours worked in excess of forty (40) hours per week.

67. Upon information and belief, the records, to the extent that they exist, concerning the number of hours worked and the amounts paid to Plaintiff are in the possession, custody, and control of Defendant.

68. Plaintiff was entitled to be paid the full minimum wage for each hour worked during his employment with Defendant.

69. Defendant willfully failed to pay Plaintiff the full minimum wage for one or more weeks of work, contrary to Article X, Section 24, of the Florida Constitution.

70. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, declaratory relief consistent with the allegations raised hereinabove, reasonable attorneys' fees and costs incurred in this action, and for any and all further relief at law or in equity that this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 8th day of June, 2022.

          Respectfully submitted,

          By: */s/ Noah E. Storch*
          Noah E. Storch, Esq.
          Florida Bar No. 0085476
          RICHARD CELLER LEGAL, P.A.
          7450 Griffin Road, Suite 230
          Davie, Florida 33314
          Telephone: (866) 344-9243
          Facsimile:  (954) 337-2771
          E-mail: noah@floridaovertimelawyer.com

          *Attorney for Plaintiff*